# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DORETTA FLEMING, *et al.* | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 19-2926 |
| | : | |
| DREW WARREN, ESQ. and JEFFREY | : | |
| KILLINO, ESQ. | : | |

## MEMORANDUM

**KEARNEY, J.**  October 10, 2019

Persons retaining lawyers to assist them in administering a family member's estate can fairly expect their lawyers will advise of liens against the estate and developments in the representation in state court. Disappointed in counsel's failure to notify them, they may seek to sue for relief claiming they waived certain rights in the state court because of the lawyer's negligence, breach of contract or fraud. But they cannot convert their disappointment into a federal case simply because their private lawyers participate in a state court process. The private lawyers' alleged failures in representing clients in the Pennsylvania court do not rise to the level of a denial of due process and allow the clients to pursue a civil rights claim against their private lawyers in this Court. Absent a federal question, and lacking diversity in a dispute involving at least one Pennsylvania client against Pennsylvania lawyers, we decline to exercise supplemental jurisdiction. We grant the private lawyers' motion to dismiss in the accompanying Order without prejudice to the clients timely seeking relief in a state court.

## I. Alleged facts

New Jersey citizen Doretta Fleming is the Administratrix of her brother Leroy H. Garcia's Estate.[1] Along with Stephen Garcia of Texas and Deron Hancock of Pennsylvania, she is also an intestate heir to Leroy Garcia's Estate.[2] Pennsylvania Attorney Drew Warren represented Ms.

Fleming "in her capacity as Administratrix,"[3] and Pennsylvania Attorney Jeffrey Killino "employed or formed an association or partnership with [Attorney] Warren, and approved or assigned him to represent the Estate through [Ms.] Fleming."[4] They both worked for The Killino Firm based in Philadelphia.[5]

### *Attorneys failed to notify the intestate heirs of liens on the Estate.*

On September 19, 2016, Attorney Warren filed a "Petition to Settle on a Survival Action" in state court seeking approval to settle a survival case for $750,000, resulting in a $440,000 payment to the Estate after payment of attorneys' fees.[6] Ms. Fleming, Mr. Garcia, and Mr. Hancock received a copy of the Petition but the Attorneys did not notify them in the Petition, or any time before the settlement approval, of the Pennsylvania Department of Human Services' $808,000 lien against the Estate.[7] Although Ms. Fleming, Mr. Garcia, and Mr. Hancock met the conditions under Pennsylvania law for the settlement funds' release, including those conditions "imposed by the directive or correspondence of the Department dated November 4, 2016, and the [Court order] by the Settlement Judge dated December 1, 2016," The Killino Firm failed to release the entire amount to them "to administer the Estate under Pennsylvania Law."[8]

Attorney Warren "caused [Ms. Fleming] to sign a General Release and Settlement Agreement which fraudulently represented that there were no liens against [Leroy's] Estate known to [Attorney Warren]."[9] Attorney Warren failed to notify (1) "Plaintiffs individually, prior to settlement approval, that the Department held a claim against the Estate in excess of $800,000"; and, (2) "the Settlement Judge of the amount of the Department's claim."[10] Attorney Killino "left the Estate on its own to probate the Estate, and to figure out on its own how to pursue a 'lien reduction' after notifying the Estate of the [Department's lien amount] six months after settlement approval."[11] The Killino Firm, a non-party to this case, is now withholding the settlement funds—

"empowered by Pennsylvania law to do so, albeit without authority to do so"—from the Estate's use, and "acting under Pennsylvania mandates to 'protect the interests of the Department,' which are in conflict with [those] of the Estate."[12]

*Ms. Fleming, Mr. Garcia, and Mr. Hancock's claims against Attorneys Warren and Killino.*

Ms. Fleming, Mr. Garcia, and Mr. Hancock now sue Attorneys Warren and Killino for violating their civil rights under the Due Process Clause of the Fourteenth Amendment and violating Pennsylvania state law through fraud, malpractice, and breach of contract. They allege Attorney Warren "committed fraud and malpractice against the Estate under Pennsylvania Law" by telling them there were no liens on Leroy Garcia's Estate.[13] They claim Attorney Warren's statement injured them by "inducing them not to object to the settlement proposal," and his "action and inaction were also in breach of contract."[14] They also allege Attorney Warren violated their right to procedural due process and committed malpractice "under Pennsylvania Law" by misleading them as to the amount of reimbursement [the Pennsylvania Department of Human Services] claimed and failing to notify them of the reimbursement amount [the Pennsylvania Department of Human Services] claimed.[15] Ms. Fleming, Mr. Garcia, and Mr. Hancock allege non-party The Killino Firm violated their rights to due process and committed malpractice "under Pennsylvania Law" by withholding their ability to use, possess, and control the Estate's settlement funds "without authority of law"[16] and "pursuant to a state mandated conflict of interest."[17]

**II. Analysis**

Attorneys Warren and Killino now move to dismiss, arguing Ms. Fleming, Mr. Garcia, and Mr. Hancock's amended Complaint and the current action are "frivolous" and we lack jurisdiction over the case because "there is no diversity and no legitimate federal question, regarding a claim they have now settled in full with the Pennsylvania Department of Human Services."[18]

3

Ms. Fleming, Mr. Garcia, and Mr. Hancock plead a federal question on the face of their Complaint under the civil rights laws. Under the liberal pleading standard afforded to *pro se* parties, we decline to dismiss these claims for lack of subject matter jurisdiction. But we dismiss their civil rights claims against Attorneys Warren and Killino as private actors.

As we dismiss the federal claim providing us with federal question jurisdiction, we may only retain jurisdiction if Ms. Fleming, Mr. Garcia, and Mr. Hancock satisfy diversity jurisdiction, or we permit supplemental jurisdiction over the remaining state law claims of fraud, malpractice, and breach of contract. We cannot exercise jurisdiction over these claims based on diversity jurisdiction where the parties lack complete diversity. We deny jurisdiction based on diversity. We decline to exercise supplemental jurisdiction over Ms. Fleming, Mr. Garcia, and Mr. Hancock's fraud, malpractice, and breach of contract claims.

### A. We initially enjoy subject matter jurisdiction as Ms. Fleming, Mr. Garcia, and Mr. Hancock plead a federal question.

Attorneys Warren and Killino argue Ms. Fleming, Mr. Garcia, and Mr. Hancock plead "no legitimate federal question," depriving us of subject matter jurisdiction. We disagree.

When faced with a 12(b)(6) motion, "as a general rule, the proper procedure is to consider dismissal on the jurisdictional ground first, 'for the obvious reason that if the court lacks jurisdiction to hear the case then a fortiori it lacks jurisdiction to rule on the merits.'"[19] "Generally, the reference to a federal question in the complaint precludes dismissal for lack of subject matter jurisdiction."[20] We "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[21] Though "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

4

pleaded complaint,"[22] our Court of Appeals emphasizes the importance of holding *pro se* litigants "to a lesser pleading standard than other parties."[23]

In *Bell v. Pleasantville Housing Authority*, Mr. Bell *pro se* alleged the Pleasantville Housing Authority violated his due process rights by evicting him without holding a grievance hearing, citing federal question jurisdiction.[24] Our Court of Appeals held Mr. Bell's claim arose under the Constitution as he "believe[d] his Fourteenth Amendment due process rights, and certain [United States Department of Housing and Urban Development] regulations, were violated when he was evicted without a grievance hearing first being held," and concluded the district court erred by dismissing Mr. Bell's *pro se* claim for lack of subject matter jurisdiction.[25]

As with Mr. Bell, Ms. Fleming, Mr. Garcia, and Mr. Hancock *pro se* allege Attorney Warren violated their procedural due process rights when he misled them as to the amount of reimbursement the Pennsylvania Department of Human Services claimed and when he failed to give them notice as to the amount of reimbursement the Pennsylvania Department of Human Services claimed.[26] They also plead non-party The Killino Firm denied them due process by withholding the use, possession, and control of the Estate's settlement funds from them.[27] As Ms. Fleming, Mr. Garcia, and Mr. Hancock presented a federal question on the face of their Complaint based on the Due Process Clause, and under the liberal pleading standard afforded to *pro se* parties, we retain subject matter jurisdiction.

### B. Ms. Fleming, Mr. Garcia, and Mr. Hancock fail to plead due process claims against Attorneys Warren and Killino, as they are not state actors.

Attorneys Warren and Killino argue Ms. Fleming, Mr. Garcia, and Mr. Hancock cannot pursue civil rights claims against them, as Attorneys Warren and Killino are not state actors. We agree.

5

The Due Process Clause of the Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law."[28] "But nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by *private actors*."[29] In *Zinermon v. Burch*, the Supreme Court outlined the circumstances giving rise to constitutional due process claims.[30] The Supreme Court emphasized how "[i]n procedural due process claims, the deprivation by *state action* of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."[31] "Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation . . . ."[32]

In *Obuskovic v. Wood*, our Court of Appeals held a plaintiff could not pursue a due process action against a private law firm and its private attorneys, as "the[se] defendants . . . are private citizens and not state actors" and "[s]ection 1983 provides a cause of action to redress federal constitutional violations caused by officials acting under color of *state* law."[33] Ms. Fleming, Mr. Garcia, and Mr. Hancock similarly attempt to pursue a civil rights claim against private Attorneys Warren and Killino for violating their civil rights. Because Attorneys Warren and Killino are private actors and Ms. Fleming, Mr. Garcia, and Mr. Hancock fail to demonstrate how Attorneys Warren and Killino could possibly be considered state actors under section 1983, Attorneys Warren and Killino are not alleged to be in a position where they could deprive Ms. Fleming, Mr. Garcia, and Mr. Hancock of the Due Process Clause's safeguards.

Ms. Fleming, Mr. Garcia, and Mr. Hancock's civil rights claims lack merit against Attorneys Warren and Killino as private actors. We dismiss their civil rights claims based on the Due Process Clause against Attorneys Warren and Killino.

6

### C. Ms. Fleming, Mr. Garcia, and Mr. Hancock fail to plead diversity jurisdiction.

Absent a federal question, we would decline supplemental jurisdiction over the Pennsylvania claims at this early stage of the case unless Ms. Fleming, Mr. Garcia, and Mr. Hancock can demonstrate complete diversity jurisdiction. Attorneys Warren and Killino argue Ms. Fleming, Mr. Garcia, and Mr. Hancock fail to plead diversity jurisdiction. We agree.

We enjoy diversity jurisdiction when "the matter in controversy exceed[] the sum or value of $75,000 . . . [and] [c]omplete diversity . . . [where] no plaintiff [may] be a citizen of the same state as any defendant."[34] "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business,"[35] while "a natural person is deemed to be a citizen of the state where [he] is domiciled."[36] We "can only 'properly determine whether complete diversity of the parties in fact exists and thus whether [we have] jurisdiction to adjudicate the matter[,]' when the plaintiff, even if proceeding *pro se*, affirmatively pleads facts regarding the citizenship of individual defendants and the dual citizenship of corporate defendants."[37]

Ms. Fleming, Mr. Garcia, and Mr. Hancock fail to plead complete diversity, as they plead Mr. Hancock is a Pennsylvania resident[38] and non-party The Killino Firm is based in Philadelphia, Pennsylvania.[39] Ms. Fleming, Mr. Garcia, and Mr. Hancock originally plead Attorneys Warren and Killino's addresses for service at "1835 Market Street, #2820, Phila. Pa. 19103," and Mr. Hancock's address at "1315 W. Rush St. Phila. Pa. 19132."[40] As Ms. Fleming, Mr. Garcia, and Mr. Hancock do not provide individual addresses for Attorneys Warren and Killino, there is no basis to find complete diversity jurisdiction.

We cannot exercise jurisdiction over these claims based on diversity jurisdiction where the parties lack complete diversity. We deny jurisdiction based on diversity.

7

D. **We decline to exercise supplemental jurisdiction over state law claims of fraud, malpractice, and breach of contract.**

Having dismissed the civil rights claims against Attorneys Warren and Killino as they are not state actors, and Ms. Fleming, Mr. Garcia, and Mr. Hancock fail to plead diversity jurisdiction, we must lastly decide whether to exercise supplemental jurisdiction over Ms. Fleming, Mr. Garcia, and Mr. Hancock's remaining fraud, malpractice, and breach of contract claims.

Under 28 U.S.C. § 1367, "a prerequisite to the federal court's exercise of pendent jurisdiction over a plaintiff's state law claims is that at least one claim based on the court's original diversity or federal question jurisdiction is before the court."[41] "A court 'may decline to exercise supplemental jurisdiction [over state law claims] if . . . the district court [dismisses] all claims over which it has original jurisdiction.'"[42] Especially at this stage of the case, where "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state issues should be dismissed as well."[43] We decline the exercise of supplemental jurisdiction over a dispute involving Pennsylvania tort and contract law.

III. **Conclusion**

We dismiss Ms. Fleming, Mr. Garcia, and Mr. Hancock's civil rights claims and decline to exercise supplemental jurisdiction at this early stage of the case over their fraud, malpractice, and breach of contract claims against Attorneys Warren and Killino. Ms. Fleming, Mr. Garcia, and Mr. Hancock may timely pursue their fraud, malpractice, and breach of contract claims in state court.

---

[1] ECF Doc. No. 10 at ¶¶ 2–3.

[2] *Id.* at ¶¶ 4–5.

[3] *Id.* at ¶ 6.

[4] *Id.* at ¶ 7.

8

⁵ *Id.* at ¶¶ 6–7.

⁶ *Id.* at ¶ 10.

⁷ *Id.*

⁸ *Id.* at ¶ 11.

⁹ *Id.* at ¶ 6.

¹⁰ *Id.*

¹¹ *Id.* at ¶ 7.

¹² *Id.* at ¶ 8.

¹³ *Id.* at ¶ 12.

¹⁴ *Id.*

¹⁵ *Id.* at ¶ 13.

¹⁶ *Id.* at ¶ 14.

¹⁷ *Id.* at ¶ 15.

¹⁸ ECF Doc. No. 14 at ¶ 1. When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences [potentially] drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content [allowing] the court to draw the reasonable inference [] the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679). "[A] Complaint, including a pro se Complaint, must conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure," "requir[ing] [] the Complaint be simple, concise, direct and set forth 'a short and plain statement of the claim showing [] the pleader is entitled to relief.'" *Atun El v. United States*, No. 13-3970, 2014 WL 1281230, at *1 (E.D. Pa. Mar. 31, 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

[19] *Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N.J. 2014) (quoting *Mortensen v. First Federal Savings & Loan Association*, 549 F.2d 884, 895 n.22 (3d Cir. 1977)).

[20] *McCreary v. Wilt*, 11 F. Supp. 2d 731, 732 (M.D. Pa. 1998); *see Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law and . . . must be decided after . . . the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."); *Kulick v. Pocono Downs Racing Association*, 816 F.2d 895, 899 (3d Cir. 1987) ("Dismissal for lack of jurisdiction is not appropriate merely because the legal theory is probably false, but only [if] the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of the Court, or otherwise completely devoid of merit as not to involve a federal controversy.'") (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

[21] 28 U.S.C. § 1331.

[22] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

[23] *Bell v. Pleasantville Housing Authority*, 443 F. App'x 731, 735 (3d Cir. 2011) (quoting *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)).

[24] *Bell*, 443 F. App'x at 735.

[25] *Id.*

[26] *See* ECF Doc. No. 10 at ¶ 13.

[27] *See id.* at ¶¶ 14–15.

[28] U.S. Const. amend XIV, § 1.

[29] *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989) (emphasis added) ("[The Due Process Clause] forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.").

[30] *See Zinermon v. Burch*, 494 U.S. 113, 125–27 (1990) ("The constitutional violation actionable under § 1983 is not complete . . . unless and until the State fails to provide due process. . . . [T]o determine whether a constitutional violation [] occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.").

[31] *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1908); *Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property.")) (first emphasis added, second emphasis in original).

³² *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994). "Under 42 U.S.C. § 1983, [a plaintiff] must show that the attorney defendants acted under color of state law and denied him a federally protected constitutional or statutory right." *Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277–78 (3d Cir. 1999) (declining to consider a private attorney a state actor and concluding the plaintiff's section 1983 claim against the private attorney failed, even where the attorney employed the state's subpoena laws").

³³ *Obuskovic v. Wood*, 761 F. App'x 144, 148 (3d Cir. 2019) (citing *Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922, 941 (1982)) (emphasis added).

³⁴ *Zambelli Fireworks Manufacturing Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).

³⁵ *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing 28 U.S.C. § 1332(c)).

³⁶ *Swiger*, 540 F.3d at 182 (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).

³⁷ *Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502, 515–16 (D.N.J. 2000) (dismissing, in its entirety, action by *pro se* plaintiffs for lack of subject matter jurisdiction where plaintiffs failed to allege sufficient facts for the court to evaluate the existence of diversity jurisdiction); *see also Phillip v. Atlantic City Medical Center*, 861 F. Supp. 2d 459, 467 (D.N.J. 2012).

³⁸ ECF Doc. No. 10 at ¶ 5.

³⁹ *Id.* at ¶ 6. As a private corporation, The Killino Firm is considered a citizen of Pennsylvania, as its principal place of business is in Philadelphia. *See Swiger*, 540 F.3d at 182 (providing the standard for citizenship for jurisdiction purposes under 28 U.S.C. § 1332(c)).

⁴⁰ ECF Doc. No. 1 at 3.

⁴¹ *Polite v. Rendell*, No. 08-5329, 2010 WL 1254334, at *4 (E.D. Pa. Apr. 1, 2010).

⁴² *Thomas v. Zinkel*, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001) (quoting 28 U.S.C. § 1367(c)(3)); *see, e.g., Montgomery v. Aparatis Distribution Company*, 607 F. App'x 184, 188 (3d Cir. 2015) (affirming district court's ability to decline to exercise supplemental jurisdiction over negligence claims where it "properly dismissed all claims falling within its original jurisdiction"); *Polite*, 2010 WL 1254334, at *4 (refusing to exercise supplemental jurisdiction over plaintiff's remaining state law claims after the court dismissed his section 1983 claim which provided the sole basis for the court's original jurisdiction).

⁴³ *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *see Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 320 (D.N.J. 2015), *aff'd*, 657 F. App'x 134 (3d Cir. 2016) ("Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.") (quoting *Walls v. Dr. Blackwell*, No. 05-4391, 2005 WL 2347124, at *3 (D.N.J. Sept. 22, 2005)).