# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DORETTA FLEMING**, *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 19-2926** |
| | : | |
| **DREW WARREN, ESQ.** and **JEFFREY KILLINO, ESQ.** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                   **November 14, 2019**

Doretta Fleming moves under Federal Rule of Civil Procedure 59(e) to alter or amend our October 10, 2019 Order granting Defendants' unopposed motion to dismiss and dismissing her claims against her alleged lawyers without prejudice to pursue claims in state court.[1] Ms. Fleming argues (1) the private attorneys' motion to dismiss construed her complaint as an attempt to state claims against The Killino Firm, not Attorney Killino individually, (2) the case *Mullane v. Central Hanover Bank & Trust Co.*,[2] not mentioned in the private attorney's brief or our October 10, 2019 Order, contradicts our decision, and (3) we did not properly consider *Jordan v. Fox, Rothschild, O'Brien Frankel*.[3]

Rule 59(e) is an extraordinary remedy.[4] Motions under Rule 59(e) "should be granted sparingly because of the interests in finality and conservation of scarce judicial resources."[5] A motion to alter or amend may be granted for (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) need to prevent clear error of law or manifest injustice.[6] A motion to alter or amend judgment should not be used to relitigate repetitive matters or to raise arguments or present evidence which could have been raised earlier.[7] A motion to alter or amend should not be granted to provide relief collateral to the judgment,[8] or on the basis of clerical errors, procedural matters, or if a better case can be presented in a second trial.[9]

Ms. Fleming's arguments could have been made before this motion by responding to the Defendants' motion to dismiss. Our Court of Appeals recognizes failure to respond to a motion to dismiss should not be considered abandonment of a claim without considering if the complaint failed to state a claim upon which relief can be granted.[10] But we carefully evaluated Ms. Fleming's claim in granting the motion to dismiss. We found her private attorneys could not be state actors under her plead facts. Absent federal question and lacking diversity, we declined to exercise supplemental jurisdiction, granting the motion to dismiss without prejudice to Ms. Fleming timely seeking relief in a state court. We see no basis to question this decision.[11]

Ms. Fleming does not allege intervening change in controlling law, newly discovered evidence, or need to prevent manifest injustice. Ms. Fleming instead argues we overruled the Supreme Court's *Mullane* decision.[12] We construe her argument as we made a clear error of law. We disagree. Our October 10, 2019 Order in no way "effectively overrules" *Mullane*. The Supreme Court in *Mullane* held a bank trust's newspaper notice of judicial settlements of accounts of a common trust fund is sufficient notice to beneficiaries whose whereabouts are unknown, but insufficient to those beneficiaries whose whereabouts are known.[13] The facts of *Mullane* are much different. The attorneys sent Ms. Fleming a petition to settle, but Ms. Fleming asserts lack of notice as to the specific amount claimed by the non-party Department of Human Services. We are not depriving Ms. Fleming of an opportunity to be heard. Though we dismissed her federal civil rights claim, she may timely pursue her fraud, malpractice, and breach of contract claims against her former attorneys in state court.

Ms. Fleming also argues the private attorneys are state actors following our Court of Appeals' analysis in *Jordan*.[14] We addressed this state actor argument in our October 10, 2019 Memorandum. "To prevail on a claim under section 1983, a plaintiff must establish (1) the

2

violation of a federally protected constitutional or statutory right, (2) by state action or action under color of law.[15] For a private person to be considered a state actor, "the state must significantly contribute to the constitutional deprivation, *e.g.,* authorizing its own officers to invoke the force of law in aid of the private persons' request."[16] Ms. Fleming fails to demonstrate how the private attorneys can be considered state actors. In *Jordan*, our Court of Appeals affirmed the entry of a confessed judgment "did not involve state action with consequences significant enough to make" private attorneys state actors, but the use of a "sheriff to enforce the judgment" did "make them persons acting under color of law."[17] Unlike in *Jordan*, the former lawyers here did not act together with state officials. In the lack of notice claim against Attorney Warren and withholding use of funds claim against Attorney Killino, Ms. Fleming fails to allege state involvement. We decline to decide whether the private attorneys violated Ms. Fleming's civil rights as they are not state actors. *Jordan* does not apply.

We deny Ms. Fleming's motion to alter or amend our judgment as she fails to assert intervening change in controlling law, newly discovered evidence, or need to prevent clear error of law or manifest injustice.

---

[1] ECF Doc. No. 21 at 1, ¶¶ 1-3.

[2] 339 U.S. 306 (1950).

[3] 20 F.3d 1250 (3d Cir. 1994).

[4] 12 MOORE'S FEDERAL PRACTICE - CIVIL § 59.30 (2019).

[5] *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

[6] 12 MOORE'S FEDERAL PRACTICE - CIVIL § 59.30 (2019). *See also Johnson v. BB & T Corp.*, No. 17-4490, 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018) (quoting *Wiest v. Lynch*, 710 F.3d

121, 128 (3d Cir. 2013); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

[7] *McNeal v. Maritank Phila., Inc.*, No. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999) (citing *Vaidya v. Xerox Corp.*, No. 97-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997)).

[8] 12 MOORE'S FEDERAL PRACTICE - CIVIL § 59.30 (2019).

[9] *Id.*

[10] *Shuey v. Schwab*, 350 F. App'x 630, 632–33 (3d Cir. 2009).

[11] In *Johnson v. BB & T Corp.*, a plaintiff failed to timely respond to a motion to dismiss an amended complaint, subsequently moved for reconsideration of the judgment, failed to meet the requirements of Rule 59(e), and ultimately did not warrant relief. No. 17-4490, 2018 WL 1518618, at *3 (E.D. Pa. Mar. 28, 2018).

[12] ECF Doc. No. 21 at 1, ¶ 2.

[13] 339 U.S. 306, 307 (1950).

[14] ECF Doc. No. 21 at 1, ¶ 3.

[15] 42 U.S.C. § 1983; *See Jordan*, 20 F.3d 1250, 1264 (3d Cir. 1994).

[16] *Jordan*, 20 F.3d at 1266.

[17] *Id.* at 1255.